

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747

Daniel Gomez-Sanchez
631.247.4713 direct
631.247.4700 main
dsgomez@littler.com

April 20, 2018

**VIA ECF**

Honorable Sterling Johnson, Jr.
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Marichal v. Attending Home Care Services, LLC, et al.
      Docket No. 17 CV 06756 (SJ) (RER)

Dear Judge Johnson:

As the Court is aware, we represent Defendants Attending Home Care Services, LLC ("Attending"), David Inzlicht, Denise Rodriguez, and Gwendolyn Rodriguez, in the above-referenced action.  We write to request that the Court reconsider its Order, dated April 20, 2018, reassigning this matter to Judge Weinstein because Defendants did not have an opportunity to submit opposition to Plaintiff's motion, dated April 16, 2018.

Pursuant to Local Civil Rule 50.3.1(d), Defendants had until April 23, 2018, which is seven (7) days after Plaintiff's application, to submit their opposition.  See Local Civil Rule 50.3.1(d) ("After such an application is made, any other party may serve and file within seven (7) days a letter of no more than three single-spaced pages supporting or opposing the application."). The Court's Order deprived Defendants of their time to file opposition, and precluded the Court from considering numerous meritorious reasons why this matter should not be reassigned to Judge Weinstein.

In particular, the Court should reconsider its Order and deny Plaintiff's application because (1) Plaintiff is judge-shopping as her counsel, Mr. Rand, has known about Abdullayeva v. Attending Homecare Services, LLC, pending before Judge Weinstein, since in or around December 2017; (2) Plaintiff's application is time-barred and good cause has not been demonstrated; and (3) the above-referenced case and Abdullayeva v. Attending Homecare Services, LLC are in different stages of litigation and are not related.

**VIA ECF**

Honorable Sterling Johnson
April 20, 2018
Page 2

### I. PLAINTIFF HAS KNOWN ABOUT THE ABDULLAYEVA ACTION SINCE IN OR AROUND DECEMBER 2017 AND, THEREFORE, PLAINTIFF'S REQUEST TO TRANSFER IS TANTAMOUNT TO JUDGE SHOPPING

The Court should deny Plaintiff's request because her counsel is judge-shopping. Indeed, the assertion that Plaintiff's counsel "recently became aware" of the Abdullayeva matter is blatantly incorrect. Plaintiff's counsel became aware of the Abdullayeva matter as late as December 2017, over four months ago.

In fact, Mr. Rand recalled to the undersigned that Steven Wittels and Burkett McInturff, counsel for plaintiff in the Abdullayeva matter, invited him to lunch in either late 2017 or early 2018 to determine whether they could work together on their respective cases. According to Mr. Rand, he vividly recalled the meeting because Mr. McInturff was late to the meeting and Messrs. Wittels and McInturff did not offer to pay for his lunch, despite them seeking him out to work together.

In addition, in or around December 2017, this firm advised Mr. Rand of the existence of three other lawsuits against Attending Homecare Services, LLC, including the Abdullayeva matter. See Teshabaeva v. Attending Home Care, LLC, Index No. 160050/2017, pending in the Supreme Court of the State of New York, County of Kings; Keriga v. Attending Homecare Services, LLC, Docket No. 17 CV 06019 (E.D.N.Y.), currently in arbitration.[1]

We also advised Mr. Rand that we did not believe that the Marichal and Abdullayeva matters were related in the light of the existence of an applicable arbitration agreement in Abdullayeva, among other reasons. Accordingly, Mr. Rand's recent revelation of the alleged relatedness of Marichal and Abdullayeva is misleading.

Thus, we can only conclude that Plaintiff is judge-shopping in the hopes of securing a more favorable audience before Judge Weinstein. Indeed, Mr. Rand submits this request to consolidate only after Judge Weinstein denied Attending's motion to compel arbitration in Abdullayeva, the decision was appealed to the Second Circuit, and Abdullayeva was stayed. See Abdullayeva, Docket No. 17 Civ. 5951 (ECF Doc. Nos. 32-33, 48).[2] However, if the Second Circuit reverses Judge Weinstein and orders arbitration of the Abdullayeva matter, there will be no related action pending before him. In fact, there are no proceedings currently before Judge Weinstein because Abdullayeva is stayed.

In addition, Mr. Rand advised us that he believes discovery would conclude quicker if Marichal was before Judge Weinstein. This is clear judge-shopping.

---

[1] It is our understanding that Messrs. Wittels and McInturff also reached out to plaintiffs' counsel in Keriga to discuss working together.
[2] It is apparent that counsel for plaintiff Abdullayeva and Mr. Rand coordinated this course of action. See Marichal (ECF Doc. No. 24); Abdullayeva, Docket No. 17 Civ. 5951 (ECF Doc. No. 49).

**VIA ECF**

Honorable Sterling Johnson
April 20, 2018
Page 3

The federal judiciary frowns upon such blatant attempts to judge-shop, and the Court should reconsider its Order, and deny Plaintiff's request. See, e.g., Moreno v. City of New York, No. 14-cv-6062, 2015 U.S. Dist. LEXIS 9821, *5-6 (E.D.N.Y. Jan. 28, 2015).

## II.  PLAINTIFF'S REQUEST TO TRANSFER THE CASE TO JUDGE WEINSTEIN IS UNTIMELY

The Eastern District's Local Civil Rule 50.3.1 "requires that an application to have cases related be made within thirty (30) [days] of service of the complaint unless 'good cause' is shown to permit a later filing." Numa v. IC Sys., No. 15-CV-5661, 2016 U.S. Dist. LEXIS 176599, *2 (E.D.N.Y. Dec. 21, 2016) (denying motion to have cases related because, among other things, plaintiff did not demonstrate good cause for failing to claim relatedness within 30 days of serving the complaint); Polanco v. Brookdale Hosp. Med. Ctr., No. 11-cv-2102, 2012 U.S. Dist. LEXIS 21535, *1 (E.D.N.Y. 2012) (denying relatedness application due to untimely filing).

As discussed above, Mr. Rand has been aware of the Abdullayeva matter since at the latest December 2017 from discussions with the undersigned and plaintiff's counsel in Abdullayeva. Plaintiff filed her application on April 16, 2018, four months later. Further, Plaintiff's application to transfer the matter to Judge Weinstein does not indicate any good cause for the untimely application as required by Local Civil Rule 50.3.1. Accordingly, the Court should reconsider its Order, and deny Plaintiff's application as time-barred. Numa, 2016 U.S. Dist. LEXIS 176599, at *2.

## III.  THE MARICHAL AND ABDULLAYEVA ACTIONS ARE IN DIFFERENT STAGES OF LITIGATION AND ARE NOT RELATED

An additional basis to deny Plaintiff's application is that the instant matter and Abdullayeva are in different stages of litigation. See Numa, 2016 U.S. Dist. LEXIS 176599, at *1-2 (denying motion to treat cases as related where they are in different stages of litigation). Indeed, Marichal and Abdullayeva are in starkly different procedural postures.

Abdullayeva is stayed and currently on appeal to the Second Circuit regarding Judge Weinstein's Order denying Attending's motion to compel arbitration. See Abdullayeva, Docket No. 17 Civ. 5951 (ECF Doc. No. 48); Second Circuit Docket No. 18-651. If the Second Circuit reverses Judge Weinstein's decision, Abdullayeva will be arbitrated in accordance with the applicable arbitration agreement, leaving no case pending before Judge Weinstein involving Attending.

By contrast, the parties here in Marichal have had two initial conferences, one before Magistrate Judge Reyes, and one before Magistrate Judge Kuo, had a discovery schedule approved, and have propounded discovery demands.

Moreover, and quite significantly, the Marichal Plaintiff, a home health care aide, claims she is entitled to wages for every hour of every 24-hour shift worked, including time spent sleeping

**VIA ECF**

Honorable Sterling Johnson
April 20, 2018
Page 4

and eating, for violations of the New York Labor Law.  See Compl. ¶¶ 1, 38-41, 58.  Plaintiff in Abdullayeva does not make any claim that she is entitled to wages for every hour of every 24-hour shift worked.  See Abdullayeva Compl. Docket No. 17 cv 59151 (ECF Doc. No. 1).  The absence of such a claim is significant given the current state of the law on this issue, and demonstrates how starkly different the two cases are.

Indeed, Section 142-2.1(b) of the Minimum Wage Order for Miscellaneous Industries and Occupations ("Wage Order"), which governs, inter alia, the compensability of home health care aides, dictates that wages are to be paid for only 13 hours of a 24-hour live-in shift, as long as they receive eight hours for sleep (five of which are uninterrupted) and three hours for meal breaks, regardless of whether they can be adjudged "residential" (defined in the statute as an aide who resides in the home of their employer) or "non-residential" employees (employed by third party agencies to provide live-in services at the homes of their clients).  In a trio of wrongly decided cases, the First and Second Departments found the New York State Department of Labor's interpretation of the Wage Order invalid, and held that home health care aides are entitled to wages for every hour of a 24-hour shift worked, regardless of time spent eating or sleeping.  See Andryeyeva v. New York Health Care, Inc., 153 A.D.3d 1216, 61 N.Y.S.3d 280 (2d Dept. 2017); Moreno v Future Care Health Servs., Inc., 153 A.D.3d 1254, 61 N.Y.S.3d 589 (2d Dept. 2017); and Tokhtaman v. Human Care, LLC, 149 A.D.3d 476 (1st Dept. 2017).

Plaintiff therefore bases her claims on the erroneous belief that the New York State Department of Labor's interpretation of the Wage Order is invalid.  Fortunately, the Second Department in Andryeyeva and Moreno granted leave to appeal to the New York State Court of Appeals on this issue, with briefing to conclude by July 6, 2018.  Accordingly, a decision on this issue is forthcoming, and will have a determinative effect on Plaintiff's claims.

Moreover, every federal court to have considered the issue has expressly disavowed the decisions in Tokhtaman, Andryeyeva, and Moreno whether home health care aides are entitled to wages for every hour of a 24-hour shift worked, including time spent sleeping and eating, has deferred to the New York State Department of Labor's long standing policy that home health care aides working twenty-four hour shifts are to be paid only for thirteen hours provided they are afforded sleep and meal periods.  See Rodriguez v. Avondale Care Grp., LLC, No. 16-CV-03084, 2018 U.S. Dist. LEXIS 51578 (E.D.N.Y. Mar. 27, 2018); Shillingford v. Astra Home Care, Inc., No. 16 Civ. 6785, 2018 U.S. Dist. LEXIS 29576 (S.D.N.Y. Feb. 23, 2018); De Carrasco v. Life Care Servs., Inc., No. 17-CV-5617 (KBF), 2017 U.S. Dist. LEXIS 206682 (S.D.N.Y. Dec. 15, 2017); Bonn-Wittingham v. Project O.H.R (Office for Homecare Referral), Inc., No. 16-CV-541, 2017 U.S. Dist. LEXIS 75286 (E.D.N.Y. May 17, 2017); see also Severin v. Project OHR, Inc., 10 Civ. 9696 (DLC), 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. June 20, 2012) (deferring to DOL's interpretation of the Wage Order prior to the Tokhtaman, Andryeyeva, and Moreno decisions).

**VIA ECF**

Honorable Sterling Johnson
April 20, 2018
Page 5

In fact, considering Plaintiff's claim for wages for every hour of a 24-hour shift is her overarching claim, Defendants are considering moving to stay Plaintiff's action until the New York State Court of Appeals issues a decision.

### IV.    CONCLUSION

In conclusion, the Court should reconsider its Order, and deny Plaintiff's application to transfer the case to Judge Weinstein for the reasons stated above.

Respectfully submitted,

Littler Mendelson, P.C.

/s/ *Daniel Gomez-Sanchez*

Lisa M. Griffith
Ira D. Wincott
Daniel Gomez-Sanchez

cc:    All attorneys of record (via ECF)

Firmwide:154170792.1 090454.1005