

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747

Daniel Gomez-Sanchez
631.247.4713 direct
631.247.4700 main
dsgomez@littler.com

April 23, 2018

**VIA ECF**

Honorable Sterling Johnson, Jr.
Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Marichal v. Attending Home Care Services, LLC, et al.
      Docket No. 17 CV 06756

Dear Judge Johnson and Judge Weinstein:

As the Court is aware, we represent Defendants Attending Home Care Services, LLC ("Attending"), David Inzlicht, Denise Rodriguez, and Gwendolyn Rodriguez, in the above-referenced case.  We write in reply to Plaintiff's opposition, dated April 21, 2018, to Defendants' motion that the Court reconsider its Order, dated April 20, 2018, reassigning this matter to Judge Weinstein as a related case to Abdullayeva v. Attending Homecare Services, LLC, No. 17 Civ. 5951, because Defendants did not have an opportunity to submit opposition to Plaintiff's motion, dated April 16, 2018, and advise the Court of the meritorious reasons to deny same.

In opposition, Plaintiff does not dispute that: (1) the Court deprived Defendants of their time to file opposition to Plaintiff's motion to transfer the instant matter to Judge Weinstein; (2) she is judge-shopping in order to ensure a more favorable audience before Judge Weinstein and ensure discovery concludes quicker; (3) the instant case and Abdullayeva are in different procedural postures because Abdullayeva is stayed and on appeal to the Second Circuit; (4) the parties had two initial conferences, one before Magistrate Judge Reyes, and one before Magistrate Judge Kuo, had a discovery schedule approved, and have propounded discovery demands; and (5) her overarching claim under the New York Labor Law seeks wages for every hour of every 24-hour shift worked, including time spent sleeping and eating, while the plaintiff in Abdullayeva does not.  Thus, on these bases alone, the Court should reconsider its Order, and deny Plaintiff's application to transfer the case to Judge Weinstein.

However, despite the above concessions, Plaintiff contends that her motion to transfer the instant matter to Judge Weinstein was timely despite conceding that she knew about Abdullyeva since at least late December 2017.  Her contention strains credulity.

**VIA ECF**

Honorable Sterling Johnson
April 23, 2018
Page 2

An application "to have cases related must be made within thirty (30)" days after the complaint has been served. See Local Civil Rule 50.3.1; Numa v. IC Sys., No. 15-CV-5661, 2016 U.S. Dist. LEXIS 176599, *2 (E.D.N.Y. Dec. 21, 2016); Polanco v. Brookdale Hosp. Med. Ctr., No. 11-cv-2102, 2012 U.S. Dist. LEXIS 21535, *1 (E.D.N.Y. 2012). Plaintiff does not dispute that she failed to file the application within 30 days after service of the Complaint.

Instead, she blames Defendants' representations that Abdullayeva was subject to an arbitration agreement for her failure to timely file the motion. As noted above, this is not the standard for timeliness, and could not possibly serve as good cause. Indeed, according to Plaintiff's contention, the only difference between the instant case and Abdullayeva was the existence of an arbitration agreement. Assuming the instant claims and those in Abdullayeva are equal, which they are not, the existence of an arbitration agreement could not serve as the sole reason for failing to timely file a motion identify the instant action as a related case to Abdulleyeva.

But, as noted above, there are noteworthy reasons why the instant case and Abdullayeva are not related. To be sure, Plaintiff does not dispute that her overarching claim for violations under the New York Labor Law seeks alleged unpaid wages for time spent eating and sleeping, while the plaintiff in Marichal does not. This difference is significant given the body of law developed on this claim in both the federal and state courts. See, e.g., Rodriguez v. Avondale Care Grp., LLC, No. 16-CV-03084, 2018 U.S. Dist. LEXIS 51578 (E.D.N.Y. Mar. 27, 2018); Shillingford v. Astra Home Care, Inc., No. 16 Civ. 6785, 2018 U.S. Dist. LEXIS 29576 (S.D.N.Y. Feb. 23, 2018); De Carrasco v. Life Care Servs., Inc., No. 17-CV-5617 (KBF), 2017 U.S. Dist. LEXIS 206682 (S.D.N.Y. Dec. 15, 2017); Bonn-Wittingham v. Project O.H.R (Office for Homecare Referral), Inc., No. 16-CV-541, 2017 U.S. Dist. LEXIS 75286 (E.D.N.Y. May 17, 2017); see also Severin v. Project OHR, Inc., 10 Civ. 9696 (DLC), 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. June 20, 2012); Andryeyeva v. New York Health Care, Inc., 153 A.D.3d 1216, 61 N.Y.S.3d 280 (2d Dept. 2017); Moreno v Future Care Health Servs., Inc., 153 A.D.3d 1254, 61 N.Y.S.3d 589 (2d Dept. 2017); Tokhtaman v. Human Care, LLC, 149 A.D.3d 476 (1st Dept. 2017).

Thus, given the significant body of law developed around one of Plaintiff's claims, her contention that the sole differentiator between the instant matter and Abdullayeva was the existence of an arbitration agreement defies logic. If Plaintiff truly believed Abdullayeva was related to the instant case, the application should have been filed within thirty days after service of the Complaint. It was not, and Plaintiff has not presented any compelling reason to demonstrate that Marichal and Abdullayeva are related cases other than naming the same corporate entity as a defendant.

**VIA ECF**

Honorable Sterling Johnson
April 23, 2018
Page 3

Therefore, the Court should reconsider its Order, and deny Plaintiff's application to transfer the case to Judge Weinstein for the reasons stated above, and those in Defendants' motion for reconsideration, dated April 20, 2018 (ECF Doc. No. 25).

Respectfully submitted,

Littler Mendelson, P.C.

/s/ *Daniel Gomez-Sanchez*

Lisa M. Griffith
Ira D. Wincott
Daniel Gomez-Sanchez

cc: All attorneys of record (via ECF)

Firmwide:154213391.1 090454.1005