UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

JOSEFINA MARICHAL,                                : ECF
Individually and on Behalf of All Other           : 17 Civ. 06756 (JBW) (SJB)
Persons Similarly Situated,                       :
                                                  :
                          Plaintiffs,             :
                                                  :
      -against-                                   :
                                                  :
ATTENDING HOME CARE SERVICES, LLC,                :
DAVID INZLICHT, GWENDOLYN RODRIGUEZ,              :
DENISE RODRIGUEZ AND JOHN DOES #1-10,             :
                                                  :
                          Defendants.             :

----------------------------------------------------------------------X

**PARTIES' JOINT MOTION
FOR APPROVAL OF SETTLEMENT**

# EXHIBIT A

**FULLY EXECUTED
COLLECTIVE ACTION SETTLEMENT AGREEMENT**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JOSEFINA MARICHAL,                          : ECF
Individually and on Behalf of All Other     : 17 Civ. 06756 (JBW) (SJB)
Persons Similarly Situated,                 :
                                            :
                        Plaintiffs,         :
                                            :
        -against-                           :
                                            :
ATTENDING HOME CARE SERVICES, LLC,          :
DAVID INZLICHT, GWENDOLYN RODRIGUEZ,        :
DENISE RODRIGUEZ AND JOHN DOES #1-10,       :
                                            :
                        Defendants.         :
---------------------------------------------------------------------X

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Josefina Marichal ("Named Plaintiff") on behalf of herself and opt-in plaintiffs Rosalia Alcantara, Juan Ventura Morales, Jamal Hudaykuliyeva, Carlos Rodriguez, Grace Twumasi, Ibrahim Badiaru, Debra Smith, Katiana Vernier, Ruth del Rosario Arias, Rebecca Shilet, Roudline Severe, Victoria Manzueta, Christa Elizee, Salustriana Gomez Sanchez, Theresa Agyeman Budu, Solange Perez Herrera, Josefina Pena Rodriguez, Natalie Clark, Charles Josette, and Paulette McKain (hereinafter "Plaintiffs"), on the one hand, and Attending Home Care Services, LLC d/b/a Attending Home Care (hereinafter referred to as "Attending" or the "Company"), and David Inzlicht (together "Defendants") on the other hand.

**WHEREAS**, on or about November 17, 2017, Plaintiff Josefina Marichal commenced an action against Attending Home Care Services, LLC d/b/a Attending Home Care, David Inzlicht, Gwendolyn Rodriguez, Denise Rodriguez, and John Does #1-10 (corporate and individual defendants hereinafter collectively referred to as, the "Defendants"), in the United States District Court for the Eastern District of New York, Civil Action Case, in the action entitled *Maricahl v. Attending Home Care Services, LLC et al*, under Civil Action No. 17 cv 06756 (the "Complaint" or the "Action"), in which Josefina Marichal alleged numerous wage and hour claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law and its supporting regulations/order ("NYLL"), and the Wage Parity Act ("WPA");

**WHEREAS**, the Court so ordered the Parties' stipulation conditionally certifying the First Claim for Relief in the Complaint (paragraphs 82-91 thereof) pursuant to 29 U.S.C. § 216(b) of the FLSA, with respect to a collective consisting of Current and former employees of Defendants who worked as home health aides, who performed any work for Defendants from January 1, 2015 through and including October 13, 2015 who were paid by Attending overtime at a rate of less than one and one half times their regular rate of pay;

1

**WHEREAS**, Salustriana Gomez Sanchez, Theresa Agyeman Budu, Solange Perez Herrera, Josefina Pena Rodriguez, Natalie Clark, and Charles Josette, filed their consent to join (opt-in to) the Action on October 23, 2018;

**WHEREAS**, Katiana Vernier, Ruth del Rosario Arias, Rebecca Shilet, Roudline Severe, Victoria Manzueta, and Christa Elizee, filed their consent to join (opt-in to) the Action on November 5, 2018,

**WHEREAS**, Ibrahim Badiaru, Debra Smith, filed their consent to join (opt-in to) the Action on November 9, 2018;

**WHEREAS**, Grace Twumasi filed her consent to join (opt-in to) the Action on November 13, 2018;

**WHEREAS**, Carlos Rodriguez and Jamal Hudaykuliyeva filed their consent to join (opt-in to) the Action on November 19, 2018 and December 19, 2018, respectively;

**WHEREAS**, Juan Ventura Morales and Rosalia Alcantara filed their consent to join (opt-in to) the Action on January 4, 2019 and January 11, 2019, respectively;

**WHEREAS**, Paulette McKain filed her consent to join (opt-in to) the Action on February 4, 2019;

**WHEREAS**, although the Complaint was styled as a class and collective action, no certification of a class or collective action was obtained as to any claims asserted in the Complaint;

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiffs and the Court has not made any findings with respect to the merits of the claims asserted in the Action or otherwise;

**WHEREAS**, Defendants and the Plaintiffs (collectively referred to as the "Parties") desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1.    The Parties acknowledge that the statements and "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2.    **Consideration**: In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for the Named Plaintiff's execution of this Agreement, which includes a release of her wage claims, Defendants ATTENDING HOME CARE SERVICES, LLC and DAVID INZLICHT agrees to be jointly and severally liable for the following payments which amount to no more than Eighty-One Thousand and Eight Hundred and Twenty-Two Dollars and Ten Cents ($81,822.10) [equal to the sum of $14,007.24 to the Collective for their overtime claims, $25,000.00 to the Named Plaintiff for her individual claims, and $42,814.86 to class counsel for fees and expenses] as follows **:**

2

a. Payment to Named Plaintiff JOSEFINA MARICHAL in the amount of Twenty-Five Thousand Dollars and One Hundred and Sixty-Two Dollars and Zero Cents ($25,162.00) in full and final satisfaction of any and all claims Named Plaintiff alleged in the Action, including her claims for unpaid overtime, and all claims she had, has, or could have alleged in the Action, of which One Hundred Sixty Two Dollars and Zero Cents ($162.00) specifically represents payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015, which payments shall be allocated as follows:

   i. The Company shall issue a check made payable to Josefina Marichal in the total amount of TWELVE THOUSAND FIVE HUNDRED EIGHTY-ONE DOLLARS AND ZERO CENTS ($12,581.00), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid minimum wages, overtime, and any other wages alleged by Josefina Marichal to be due. The Company shall issue Josefina Marichal an IRS Form W-2 with respect to this payment.

   ii. The Company will issue a check made payable to "Josefina Marichal" in the total amount of TWELVE THOUSAND FIVE HUNDRED EIGHTY-ONE DOLLARS AND ZERO CENTS ($12,581.00), representing payment for alleged liquidated damages and penalties. The Company shall issue Josefina Marichal an IRS Form 1099-MISC with respect to this payment.

b. **Rosalia Alcantara.** The Company will issue a check made payable to "Rosalia Alcantara" in the total amount of ONE HUNDRED SEVEN DOLLARS AND EIGHTY ONE CENTS ($107.81), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015. The Company shall issue Rosalia Alcantara an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Rosalia Alcantara" in the total amount of ONE HUNDRED SEVEN DOLLARS AND EIGHTY ONE CENTS ($107.81), representing payment for alleged liquidated damages and penalties. The Company shall issue Rosalia Alcantara an IRS Form 1099-MISC with respect to this payment.

c. **Juan Ventura Morales.** The Company will issue a check made payable to "Juan Ventura Morales" in the total amount of TWO HUNDRED SEVENTY SIX DOLLARS AND FORTY ONE CENTS ($276.41), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015. The Company shall issue Juan Ventura Morales an IRS Form W-2 with respect to this payment.

3

The Company will issue a check made payable to "Juan Ventura Morales" in the total amount of TWO HUNDRED SEVENTY SIX DOLLARS AND FORTY ONE CENTS ($276.41), representing payment for alleged liquidated damages and penalties.  The Company shall issue Juan Ventura Morales an IRS Form 1099-MISC with respect to this payment.

d. **Jamal Hudaykuliyeva.**  The Company will issue a check made payable to "Jamal Hudaykuliyeva" in the total amount of FIVE HUNDRED FIFTY FIVE DOLLARS AND SIXTEEN CENTS ($555.16), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall issue Jamal Hudaykuliyeva an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Jamal Hudaykuliyeva" in the total amount of FIVE HUNDRED FIFTY FIVE DOLLARS AND SIXTEEN CENTS ($555.16), representing payment for alleged liquidated damages and penalties.  The Company shall issue Jamal Hudaykuliyeva an IRS Form 1099-MISC with respect to this payment.

e. **Carlos Rodriguez.**  The Company will issue a check made payable to "Carlos Rodriguez" in the total amount of THIRTY FIVE DOLLARS AND SIXTEEN CENTS ($35.16), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall issue Carlos Rodriguez an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Carlos Rodriguez" in the total amount of THIRTY FIVE DOLLARS AND SIXTEEN CENTS ($35.16), representing payment for alleged liquidated damages and penalties.  The Company shall issue Carlos Rodriguez an IRS Form 1099-MISC with respect to this payment.

f. **Grace Twumasi.**  The Company will issue a check made payable to "Grace Twumasi" in the total amount of SIX HUNDRED THIRTEEN DOLLARS AND NINETY SEVEN CENTS ($613.97), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall issue Grace Twumasi an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Grace Twumasi" in the total amount of SIX HUNDRED THIRTEEN DOLLARS AND NINETY SEVEN CENTS ($613.97), representing payment for alleged liquidated damages and penalties.  The Company shall issue Grace Twumasi an IRS Form 1099-MISC with respect to this payment.

g. **Ibrahim Badiaru.** The Company will issue a check made payable to "Ibrahim Badiaru" in the total amount of ONE THOUSAND ONE HUNDRED ELEVEN DOLLARS AND SEVENTY FIVE CENTS ($1,111.75), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015. The Company shall issue Ibrahim Badiaru an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Ibrahim Badiaru" in the total amount of ONE THOUSAND ONE HUNDRED ELEVEN DOLLARS AND SEVENTY FIVE CENTS ($1,111.75), representing payment for alleged liquidated damages and penalties. The Company shall issue Ibrahim Badiaru an IRS Form 1099-MISC with respect to this payment.

h. **Debra Smith.** The Company will issue a check made payable to "Debra Smith" in the total amount of FORTY SEVEN DOLLARS AND TWENTY FIVE CENTS ($47.25), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015. The Company shall issue Debra Smith an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Debra Smith" in the total amount of FORTY SEVEN DOLLARS AND TWENTY FIVE CENTS ($47.25), representing payment for alleged liquidated damages and penalties. The Company shall issue Debra Smith an IRS Form 1099-MISC with respect to this payment.

i. **Katiana Vernier.** The Company will issue a check made payable to "Katiana Vernier" in the total amount of SIXTY THREE DOLLARS AND TWENTY EIGHT CENTS ($63.28), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015. The Company shall issue Katiana Vernier an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Katiana Vernier" in the total amount of SIXTY THREE DOLLARS AND TWENTY EIGHT CENTS ($63.28), representing payment for alleged liquidated damages and penalties. The Company shall issue Katiana Vernier an IRS Form 1099-MISC with respect to this payment.

j. **Ruth del Rosario Arias.** The Company will issue a check made payable to "Ruth del Rosario Arias" in the total amount of THREE HUNDRED NINETY ONE DOLLARS AND THIRTY FIVE CENTS ($391.35), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations

for the period January 1, 2015 through October 13, 2015.  The Company shall issue Ruth del Rosario Arias an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Ruth del Rosario Arias" in the total amount of THREE HUNDRED NINETY ONE DOLLARS AND THIRTY FIVE CENTS ($391.35), representing payment for alleged liquidated damages and penalties.  The Company shall issue Ruth del Rosario Arias an IRS Form 1099-MISC with respect to this payment.

k.  **Rebecca Shilet**.  The Company will issue a check made payable to "Rebecca Shilet" in the total amount of FOUR DOLLARS AND SIXTY NINE CENTS ($4.69), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall issue Rebecca Shilet an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Rebecca Shilet" in the total amount of FOUR DOLLARS AND SIXTY NINE CENTS ($4.69), representing payment for alleged liquidated damages and penalties.  The Company shall issue Rebecca Shilet an IRS Form 1099-MISC with respect to this payment.

l.  **Victoria Manzueta**.  The Company will issue a check made payable to "Victoria Manzueta" in the total amount of TWO HUNDRED FIFTY FOUR DOLLARS AND SIXTY EIGHT CENTS ($254.68), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall issue Victoria Manzueta an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Victoria Manzueta" in the total amount of TWO HUNDRED FIFTY FOUR DOLLARS AND SIXTY EIGHT CENTS ($254.68), representing payment for alleged liquidated damages and penalties.  The Company shall issue Victoria Manzueta an IRS Form 1099-MISC with respect to this payment.

m.  **Roudline Severe.**  The Company will issue a check made payable to "Roudline Severe" in the total amount of FOUR HUNDRED FORTY THREE DOLLARS AND SEVENTY FOUR CENTS ($443.74), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall issue Roudline Severe an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Roudline Severe" in the total amount of FOUR HUNDRED FORTY THREE DOLLARS AND SEVENTY FOUR CENTS ($443.74), representing payment for alleged liquidated damages

and penalties.  The Company shall issue Roudline Severe an IRS Form 1099-MISC with respect to this payment.

n.  **Christa Elizee.**  The Company will issue a check made payable to "Christa Elizee" in the total amount of THREE HUNDRED NINETY FOUR DOLLARS AND SIXTY SIX CENTS ($394.66), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall issue Christa Elizee an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Christa Elizee" in the total amount of THREE HUNDRED NINETY FOUR DOLLARS AND SIXTY SIX CENTS ($394.66), representing payment for alleged liquidated damages and penalties.  The Company shall issue Christa Elizee an IRS Form 1099-MISC with respect to this payment.

o.  **Salustriana Gomez Sanchez.**  The Company will issue a check made payable to "Salustriana Gomez Sanchez" in the total amount of ONE HUNDRED DOLLARS AND SEVENTY EIGHT CENTS ($100.78), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall issue Salustriana Gomez Sanchez an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Salustriana Gomez Sanchez" in the total amount of ONE HUNDRED DOLLARS AND SEVENTY EIGHT CENTS ($100.78), representing payment for alleged liquidated damages and penalties.  The Company shall issue Salustriana Gomez Sanchez an IRS Form 1099-MISC with respect to this payment.

p.  **Theresa Agyeman Budu.**  The Company will issue a check made payable to "Theresa Agyeman Budu" in the total amount of TWENTY TWO DOLLARS AND FIFTY CENTS ($22.50), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall issue Theresa Agyeman Budu an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Theresa Agyeman Budu" in the total amount of TWENTY TWO DOLLARS AND FIFTY CENTS ($22.50), representing payment for alleged liquidated damages and penalties.  The Company shall issue Theresa Agyeman Budu an IRS Form 1099-MISC with respect to this payment.

q. **Solange Perez Herrera.**  The Company will issue a check made payable to "Solange Perez Herrera" in the total amount of THREE HUNDRED THIRTY THREE DOLLARS AND SEVENTY THREE CENTS ($333.73), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015. The Company shall Solange Perez Herrera an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Solange Perez Herrera" in the total amount of THREE HUNDRED THIRTY THREE DOLLARS AND SEVENTY THREE CENTS ($333.73), representing payment for alleged liquidated damages and penalties.  The Company shall issue Solange Perez Herrera an IRS Form 1099-MISC with respect to this payment.

r. **Josefina Pena Rodriguez.**  The Company will issue a check made payable to "Josefina Pena Rodriguez" in the total amount of ELEVEN DOLLARS AND TWENTY FIVE CENTS ($11.25), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall Josefina Pena Rodriguez an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Josefina Pena Rodriguez" in the total amount of ELEVEN DOLLARS AND TWENTY FIVE CENTS ($11.25), representing payment for alleged liquidated damages and penalties. The Company shall issue Josefina Pena Rodriguez an IRS Form 1099-MISC with respect to this payment.

s. **Natalie Clark.**  The Company will issue a check made payable to "Natalie Clark" in the total amount of THREE HUNDRED FIFTY FOUR DOLLARS AND THIRTY SEVEN CENTS ($354.37), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall Natalie Clark an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Natalie Clark" in the total amount of THREE HUNDRED FIFTY FOUR DOLLARS AND THIRTY SEVEN CENTS ($354.37), representing payment for alleged liquidated damages and penalties.  The Company shall issue Natalie Clark an IRS Form 1099-MISC with respect to this payment.

t. **Charles Josette.**  The Company will issue a check made payable to "Charles Josette" in the total amount of ONE THOUSAND SEVEN HUNDRED SEVENTY SEVEN DOLLARS AND TWELVE CENTS ($1,777.12), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its

supporting regulations for the period January 1, 2015 through October 13, 2015. The Company shall Charles Josette an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Charles Josette" in the total amount of ONE THOUSAND SEVEN HUNDRED SEVENTY SEVEN DOLLARS AND TWELVE CENTS ($1,777.12), representing payment for alleged liquidated damages and penalties.  The Company shall issue Charles Josette an IRS Form 1099-MISC with respect to this payment.

u. **Paulette McKain.**  The Company will issue a check made payable to "Paulette McKain" in the total amount of TWENTY TWO DOLLARS AND NINETY SIX CENTS ($22.96), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid overtime under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015.  The Company shall Paulette McKain an IRS Form W-2 with respect to this payment.

The Company will issue a check made payable to "Paulette McKain" in the total amount of TWENTY TWO DOLLARS AND NINETY SIX CENTS ($22.96), representing payment for alleged liquidated damages and penalties. The Company shall issue Paulette McKain an IRS Form 1099-MISC with respect to this payment.

v. **Payment of Attorneys' Fee and Costs.**  The Company will issue a check made payable to Plaintiffs' Counsel, the "Law Office of William Coudert Rand" in an amount approved by the Court not to exceed Forty-Two Thousand Eight Hundred and Fourteen Dollars and Eighty-Six Cents ($42,814.86) representing payment for attorneys' fees, costs, and expenses.  The Company shall issue The Law Office of William Coudert Rand an IRS Form 1099-MISC with respect to this payment.

w. **Costs of Enforcement**.  If Defendants fail to pay monies due under this agreement in a timely manner, Defendants agree to pay Plaintiff's costs, including reasonable legal fees, related to Plaintiff's efforts to obtain payment under this Agreement.  Defendants agree that the Law Office of William Coudert Rand is a third party beneficiary of this Agreement.

x. **Timing of Payment**.  Payment shall be made on or before the Payment Date defined below. The parties agree that Plaintiffs' attorney, The Law Office of William Coudert Rand,  is a third party beneficiary of this Agreement.  If payment is not made on or before the Payment Date, Defendants agree to pay Plaintiff's and Plaintiff's attorney's costs related to enforcing this agreement (including reasonable legal fees).

3. **Procedure and Deadlines**

a. **Named and Opt-In Plaintiffs**. Because the Named and Opt-In Plaintiffs have already filed consent to join forms with the Court pursuant to 29 U.S.C.

§216(b) and the Named Plaintiff has given her consent to the settlement, Plaintiffs' Counsel will send a Notice to the Opt-In Plaintiffs ("Settlement Letter") notifying them of the settlement, the distribution formula, the amount allotted to them under the settlement agreement, the effect of the release, the amount allocated to attorneys' fees and costs, the date of the Final Fairness Hearing, and their ability to opt out of the settlement and have their claims, dismissed or attend and object at the Final Fairness Hearing. A settlement notice is attached as Exhibit A. This letter will be sent to Plaintiffs within 20 days of the court's preliminary approval of this agreement.

b.  After the execution of this agreement, the Parties will promptly submit this Agreement to the Court for preliminary approval and for an order scheduling a settlement hearing.  The parties agree to submit a proposed preliminary approval order as attached as Exhibit B.  Plaintiffs' Counsel (as defined below in Paragraph 26), shall file a motion for approval of attorneys' fees for an amount not to exceed Forty-Two Thousand Eight Hundred and Fourteen Dollars and Eighty-Six Cents ($42,814.86).  Defendants have agreed not to oppose the motion and have agreed to pay attorneys' fees, costs, and expenses approved by the Court up to the limit of $43,177.90.

c.  Each party will have the right to terminate this agreement by written notice if the Court does not approve this agreement on or before March 30, 2020.  The attorneys for the parties may extend this deadline on behalf of their clients by written agreement.

d.  Not later than fourteen (14) days after the Court's preliminary approval of this Agreement, Plaintiff shall send the Notice of Settlement Form attached hereto as Exhibit A to each Plaintiff other than the Named Plaintiff ("Opt-In Plaintiffs").  The deadline for each Plaintiff to opt-out of the Settlement shall be 20 days after it is mailed to such Plaintiff ("Settlement Opt-Out Deadline").

e.  **Opt-Out Procedure**. Any Opt-In Plaintiff may request exclusion from the Settlement by "opting out."  Opt-In Plaintiffs who choose to opt out must mail a written, signed statement to Plaintiff's counsel that states he or she is opting out of the settlement and dismissing his or her claims without prejudice, and includes his or her name, address, and telephone number (**"Opt-Out Statement"**).  Defendants agree to toll the statute of limitations applicable to the opt-out Plaintiffs' collective action claims from the date each Opt-In Plaintiff opted in to this Action until the date that the claims are dismissed. To be effective, such Opt-Out Statement must be sent to the Plaintiff's Counsel via First Class United States Mail, postage prepaid, and must be postmarked on or before the Settlement Opt-Out Deadline.

f.  Plaintiffs who do not opt out of the Settlement shall be defined collectively as "Participating Opt-In Plaintiffs."  If any Plaintiff opts out of the Settlement, he/she will not receive or be entitled to any monies under this settlement agreement and his/her claims shall be dismissed without prejudice and his/her claims will be tolled from the period from the filing of that Plaintiff's "Consent To Join As A Party Plaintiff" through the date he/she opts out of the Settlement.

Thus, all Opt-In Plaintiffs are Participating Opt-In Plaintiffs unless they opt-out of this Agreement.

g.  Plaintiffs' Counsel shall provide to Defendant's attorneys the Opt-Out Statements received on or before the Settlement Opt-Out Deadline and shall file them with the Court.  Defendants may agree to accept late or deficient Opt-Out Statements.

h.  **Payment Date**.  On the date 30 days after the Court provides final approval of the Settlement **(the "Payment Date"),** the Defendants, at their sole expense, will mail the settlement checks as described in Section 2 above (and W-2 information if applicable) directly to the Participating Opt-In Plaintiffs and to the Named Plaintiff by delivering the checks to William C. Rand, Esq., Law Office of William Coudert Rand ("Law Firm"), 501 Fifth Ave., 15th Floor, New York, N.Y. 10017.

i.  This Agreement shall not be effective or enforceable and no payments set forth in Paragraph 2 will be made hereunder unless and until the Agreement is approved by the Court on or after the Final Fairness Hearing.

4.  <u>**Release of Claims by Plaintiff and Release of Wage and Hour Claims by Participating Op-In Plaintiffs:**</u>

(a)  **Josefina Marichal**.  In exchange for the payments identified in Paragraph 2 and in exchange for the other considerations supporting this Agreement, Josefina Marichal, individually and on behalf of herself and, if any, her spouse, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquishes, releases, and waives all claims related to her employment by Defendants that were raised, or could have been raised, pursuant to the Fair Labor Standards Act, the New York Labor Law, the New York Wage Parity Act, as well as any claims actually raised in the above captioned litigation against defendants, including any parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, current or former employees, agents, independent contractors, vendors, shareholders, officers, and directors, and their spouses, heirs, executors, testators, representatives, agents, successors and assigns, in their individual and representative capacities, including David Inzlicht, Gwendolyn Rodriguez, and Denise Rodriugez, (collectively, with Defendants, the "Releasees"), that may have arisen from the beginning of time through the Effective Date of this Agreement.

(b)  **Participating Opt-In Plaintiffs**.  In exchange for the payments identified in Paragraph 2 and in exchange for the other considerations supporting this Agreement, Participating Opt-In Plaintiffs on behalf of himself/herself and his/her heirs, successors, executors, administrators, and assigns ("Releasors"), fully and finally release and discharge the Releasees, of and from any and all claims alleging that the Participating Opt-In Plaintiffs were not paid full wages for their hours over forty in a work week listed on their Attending paychecks on or between January 1, 2015 and October 13, 2015. Among other claims, this release specifically <u>does not</u> release any claim for unpaid hours worked which are not listed as being paid on the Opt-In Plaintiffs' paychecks.

5.      **Covenant Not to Sue**:  Plaintiff Josefina Marichal and the Participating Opt-In Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against the Defendants concerning any matter released in this Agreement.  If Plaintiffs breach the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims.

6.      **Claims Excluded from the Agreement**:   Plaintiffs' release of claims set forth in Paragraph 4 of this Agreement shall not prevent Plaintiffs from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board or any other governmental agency charged with enforcement of any law.  Plaintiffs, however, further agree and understand that they have waived any right to recover monetary damages or other relief personal to Plaintiffs in any such charge, complaint or lawsuit filed by them or on their behalf in any way relating to any released claims.

7.      **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

(a)      The Parties agree to submit the proposed Preliminary Approval Order attached as Exhibit  B and the Final Approval Order attached as Exhibit C to the court for final approval of the settlement and dismissal of the claims.

(b)      Court approval of this action is a material condition of this Agreement and the Parties' obligations hereunder.  Failure of the Court to approve this Agreement renders this Agreement null and void and no payments shall be made pursuant to Paragraph 2 of the Agreement.

8.      **Taxes and Withholding**:  Plaintiffs expressly acknowledge and agree that they are responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by them with respect to the above payments in Paragraph 2.  If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above in Paragraph 2, Plaintiffs acknowledge and assume all responsibility for paying those amounts and further agree to indemnify and hold the Defendants harmless for payment of any additional taxes and any interest and penalties thereon, and any failure to issue Plaintiffs a Form 1099-MISC attributable to Plaintiffs' attorneys' fees.

9.      **No Admission of Liability**:  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff and Opt-In Plaintiffs have asserted, could have asserted or may assert in connection with Plaintiffs' employment.  Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10.      **Bona Fide Dispute**: This Agreement is in settlement of disputed claims.  The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their particular FLSA and NYLL claims, and that the amount being paid to Plaintiffs, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

11.      **Changes to the Agreement**:  This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

12.      **No Other Complaints or Charges**:  Plaintiffs hereby represent that other than the Action, they have no pending actions, administrative charges or complaints, grievances or arbitrations involving any of the released claims against any of the Releasees.  Moreover, Plaintiffs are currently unaware of any other claims other than those alleged in this lawsuit relating to their employment with the Company.

13.      **No Reemployment**:  Named Plaintiff Marichal agrees that she will not at any time in the future knowingly seek employment with the Company.  By this Agreement, Named Plaintiff intends to remove herself from consideration for future employment with Defendants, and agrees that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiff may make for employment.

14.      **Severability**:  The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

15.      **Governing Law**:  This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

16.      **Jurisdiction**:  The Parties expressly agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement.  By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the EDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the EDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the EDNY has been brought in an inconvenient forum.

17.      **Assignment of Claims**:  Plaintiff hereby represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

18.      **Voluntary Agreement**:  Plaintiff represents and agrees that:

(a)      She is not suffering from any impairment that would render her incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to her;

(b)      She has signed this Agreement freely and voluntarily and without duress;

(c)      No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(d)    She has not raised a claim of sexual harassment or abuse with Defendants; and

(e)    Plaintiff was advised and hereby is advised to consider carefully the terms of this Agreement, and did consult with legal counsel, the Law Office of William Coudert Rand, prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

19.    **Full and Complete Agreement**:  This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

20.    **Waiver**:  No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

21.    **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

22.    **Counterparts**:  This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

23.    **Headings**:  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

24.    **Facsimile/Email**:  An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

25.    **Notices**:  All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiffs' Counsel, respectively, as follows:

Defendants' Counsel:

> Ira Wincott
> Littler Mendelson, P.C.
> 290 Broadhollow Road, Suite 305
> Melville, NY 11747
> (631) 247-4700
> iWincott@littler.com

Plaintiffs' Counsel:

> William C. Rand
> Law Office of William Coudert Rand
> 501 Fifth Avenue, 15th Floor
> New York, New York 10017

(212) 286-1425
wcrand@wcrand.com

Either Party may give notice of change of address in writing as set forth in this Paragraph.   If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

26.   **Authority to Execute Agreement:** The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO THIS AGREEMENT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.   PLAINTIFF HAS SPOKEN WITH THEIR ATTORNEY, WILLIAM COUDERT RAND, BEFORE SIGNING THIS AGREEMENT.**

**AGREED:**

**JOSEFINA MARICHAL**

By: _Josefina Marichal_      Dated _11/5/2019_

By: _____      Dated _____

**DAVID INZLICHT**

By: _____      Dated _____

15

(212) 286-1425
wcrand@wcrand.com

Either Party may give notice of change of address in writing as set forth in this Paragraph.   If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

26.     **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO THIS AGREEMENT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.   PLAINTIFF HAS SPOKEN WITH THEIR ATTORNEY, WILLIAM COUDERT RAND, BEFORE SIGNING THIS AGREEMENT.**

**AGREED:**

**JOSEFINA MARICHAL**

By:_____          Dated_____

**DEFENDANT**

**ATTENDING HOME CARE SERVICES, LLC**

By:_____          Dated____11 - 7 - 19____
       David Inzlicht, CEO

DAVID INZLICHT

By:_____          Dated____11 - 7 - 19____

# <u>EXHIBIT A</u>

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSEFINA MARICHAL,                                  : ECF
Individually and on Behalf of All Other             : 17 Civ. 06756 (JBW) (SJB)
Persons Similarly Situated,                         :
                                                    :
                         Plaintiffs,                :
                                                    :
   -against-                                       :
                                                    :
ATTENDING HOME CARE SERVICES, LLC,                  :
DAVID INZLICHT, GWENDOLYN RODRIGUEZ,                :
DENISE RODRIGUEZ AND JOHN DOES #1-10,               :
                                                    :
                 Defendants.                :
-----------------------------------------------------------------------X

To:    Home Health Aide Employees who opted into the above action by previously executing and filing a Consent to Become Party Plaintiff ("Opt-In Plaintiffs")

## NOTICE OF COLLECTIVE ACTION SETTLEMENT AND RIGHT TO OPT OUT OF SETTLEMENT OR TO APPEAR AND OBJECT AT SETTLEMENT HEARING

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

## PLEASE TAKE NOTICE

- **SETTLEMENT.** Defendants ATTENDING HOME CARE SERVICES, LLC, DAVID INZLICHT, GWENDOLYN RODRIGUEZ, and DENISE RODRIGUEZ (together "Personal Touch" or "Defendant") have agreed to settle the above referenced action case in which an employee alleged that Defendant failed to pay overtime wages owed to home health aide employees (**the "Settlement"**).  The Settlement has been approved by the Court.

- **SETTLEMENT HEARING: NOTICE IS HEREBY GIVEN**, pursuant to the Preliminary Order, that a hearing will be held before the Honorable _____, in Courtroom _____ of the United States District Court for the Eastern District of New York , 225 Cadman Plaza East, Brooklyn, New York 11201, at _____ a.m./p.m., on _____, 20___ (the "Settlement Fairness Hearing") to:  (i) determine whether the collective action settlement should be approved by the Court as being fair, reasonable and adequate for the Class Members; and (ii) consider the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses, as agreed by Defendants.

17

- **Settlement Amounts.** Under the settlement, the Opt-in Plaintiffs will receive gross total settlement payments for settlement of their state and federal overtime claims in the following amounts : (a) Rosalia Alcantara in the amount of $215.62, (b) Juan Ventura Morales in the amount of $552.82, (c) Jamal Hudaykuliyeva in the amount of $1,110.32, (d) Carlos Rodriguez in the amount of $70.32, (e) Grace Twumasi in the amount of $1,227.94, (f) Ibrahim Badiaru in the amount of $2,223.50, (g) Debra Smith in the amount of $94.50, (h) Katiana Vernier in the amount of $126.56, (i) Ruth del Rosario Arias in the amount of $782.70, (j) Rebecca Shilet in the amount of $9.38, (k) Victoria Manzueta in the amount of $509.36, (l) Roudline Severe in the amount of $887.48,m (m) Christa Elizee in the amount of $789.32, (n) Salustriana Gomez Sanchez in the amount of $201.56, (o) Theresa Agyeman Budu in the amount of $45.00, (p) Solange Perez Herrera in the amount of $667.46, (p) Josefina Pena Rodriguez in the amount of $22.50, (q) Natalie Clark in the amount of $708.74, (r) Charles Josette in the amount of $3,554.24, and (s) Paulette McKain in the amount of $45.92. All payments are gross as they will be reduced by applicable tax withholdings and deductions required by law. The payments equal the unpaid overtime and an additional 100% liquidated damages under the FLSA and NYLL and its supporting regulations for the period January 1, 2015 through October 13, 2015. Under the Settlement, The Named Plaintiff, Josefina Marichal will receive a gross settlement payment (prior to payroll withholding and payments of any outstanding levies, garnishment or income executions) in the amount of $162.00 for her federal collective action claims. Named Plaintiff Marichal in exchange for a general release for any and all claims that were raised or could have been raised against Defendants related to her employment by Defendants, and an agreement not to be ever rehired by the Company, will receive an additional $25,000 for her individual, non-collective, New York State Law Claims. Plaintiff's counsel may receive fees and expenses of up to $42,814.86, only as approved by the Court.

- **SETTLEMENT PAYMENT CALCULATIONS.** The settlement payments were calculated by multiplying the overtime hours worked between January 1, 2015 and October 13, 2015 by time and one half the Participating Plaintiff's regular rate and then subtracting amounts actually paid for the overtime hours and then multiplying by 2 to provide 100% liquidated damages.

- **RELEASE.** Under the Settlement, you will be releasing your claims for unpaid overtime wages for the hours worked over forty in a week listed on your paychecks from the period on or between January 1, 2015 and October 13, 2015. You will not be releasing any other claims.

- **TO PARTICIPATE IN THIS SETTLEMENT YOU DO NOT NEED TO DO ANYTHING OR TAKE ANY ACTION.**

- **RIGHT TO OPT OUT OF THE SETTLEMENT.** IF YOU OPT OUT OF THE SETTLEMENT YOU WILL NOT RECEIVE ANY PAYMENT YOUR CLAIM WILL BE DISMISSED WITHOUT PREJUDICE AND THE STATUTE OF LIMITATIONS APPLICABLE TO YOUR CLAIM WILL BE TOLLED FOR THE PERIOD YOU WERE A PLAINTIFF IN THE ACTION.

- **OPT-OUT PROCEDURE.**  Any Opt-In Plaintiff may request exclusion from the Settlement by "opting out."  Opt-In Plaintiffs who choose to opt out must mail a written, signed statement to Plaintiff's counsel at : William C. Rand, Esq., Law Office of William Coudert Rand, 501 Fifth Avenue, 15ᵗʰ Floor, New York, N.Y. 10017 that states he or she is opting out of the settlement and dismissing his or her claims without prejudice, and includes his or her name, address, and telephone number ("Opt-Out Statement").  To be effective, such Opt-Out Statement must be sent to the Plaintiff's Counsel via First Class United States Mail, postage prepaid, and must be postmarked by _____ ("Settlement Opt-Out Deadline").

- **APPEAR AND OBJECT PROCEDURE.**  If you do not opt-out, you may object to the Settlement.  If you choose to present objections to the proposed Settlement, you must set forth your objections in a written statement and mail it to Class Counsel ("Written Objection").  A Written Objection must be postmarked by [INSERT DATE TWENTY (20) CALENDAR DAYS AFTER MAILING OF NOTICE].  The Written Objection must include: (1) the words, "I object to the Attending Home Care wage-and-hour settlement"; (2) all reasons for the objection (any reasons not included in the Written Objection will not be considered); and (3) your name, address, and telephone number.  If you wish to appear at the Fairness Hearing, you must state your intention to do so in your Written Objection.  You may withdraw your Written Objection at any time.  You may not appear at the Fairness Hearing unless you file a timely Written Objection that complies with the procedures set out in this notice.  You may not present an objection at the Fairness Hearing based on a reason not stated in your Written Objection.  An objection will not be valid or considered by the Court if it does not specifically comply with all of the requirements listed herein.

1. WHAT IS THE CASE ABOUT?  The lawsuit alleges violations of state and federal wage and hour overtime laws regarding payment for hours worked in excess of 40 per week.

2. HAS THE COURT DECIDED THE CASE?  No.  The Court has not decided whether the Defendants have done anything wrong, or whether the Plaintiff is correct.  By authorizing this Notice, the Court is not suggesting the Defendants have violated the law, or that Plaintiff is right.

3. WILL DEFENDANTS TERMINATE MY EMPLOYMENT OR RETALIATE AGAINST ME IN ANY WAY IF I JOIN THE SETTLEMENT?  Federal law prohibits an employer from taking negative action against an employee who participates in a claim alleging unpaid overtime.

4. WHAT IS THE STATUS OF THE CASE?  The Court has approved this Settlement.

5. WILL I BE CHARGED LEGAL FEES TO PARTICIPATE?  No.  Defendant has agreed to pay legal fees and expenses to class counsel representing plaintiffs.

6. WHAT MUST I DO TO JOIN THE SETTLEMENT?  If you take no action, you will subject to and participate in the Settlement and will be paid your settlement amount.

7. ARE THERE MORE DETAILS AVAILABLE?  Yes.  If you have any questions or require additional information, please contact Plaintiffs' counsel at the following:

William C. Rand
Law Offices of William Coudert Rand
501 Fifth Ave., 15th Floor
New York, New York 10017
wcrand@wcrand.com
(212) 286-1425

# **EXHIBIT B**

# Exhibit B

### Proposed Order Preliminarily Approving Class Settlement

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

| | |
|---|---|
| JOSEFINA MARICHAL, | : ECF |
| Individually and on Behalf of All Other | : 17 Civ. 06756 (JBW) (SJB) |
| Persons Similarly Situated, | : |
| | : |
| Plaintiffs, | : |
| | : |
| -against- | : |
| | : |
| ATTENDING HOME CARE SERVICES, LLC, | : |
| DAVID INZLICHT, GWENDOLYN RODRIGUEZ, | : |
| DENISE RODRIGUEZ AND JOHN DOES #1-10, | : |
| | : |
| Defendants. | : |

----------------------------------------------------------------------X

### ORDER PRELIMINARILY APPROVING
### COLLECTIVE ACTION SETTLEMENT AND
### PROVIDING FOR NOTICE OF FAIRNESS HEARING

**WHEREAS**, the collective action, *Josefina Marichal  v. Attending Home Care Services, LLC, et al.*, Civil Action Number 17 CV 06756 ("Lawsuit"), is currently pending before this Court;

**WHEREAS**, the parties have made an application for an order approving settlement of the claims in the Lawsuit certified as a collective and Named Plaintiff's individual claims (the "Settlement") in accordance with a Settlement Agreement dated as of _____, 2019 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement, the exhibits annexed thereto, and the parties' joint motion for approval; and

WHEREAS, all capitalized terms contained and not otherwise defined herein shall have the same meanings set forth in the Agreement.

IT IS ON THIS ____ DAY OF _____, 2019, HEREBY ORDERED AS FOLLOWS:

1.      The Court hereby preliminarily approves the Settlement Agreement set forth in the Agreement as being fair, just, and reasonable.

2.      The Collective is comprised of all home health aides who have opted into the action as collective plaintiffs as listed in the Settlement Agreement.

3.      The Court confirms that it has previously appointed the Named Plaintiff JOSEFINA MARICHAL as collective representative and appointed as Collective Counsel the Law Office of William Coudert Rand and hereby approves the use of Collective Counsel to send notices to the Collective Members regarding the settlement.

4.      The Agreement falls within the range of reasonableness and appears to be presumptively valid, subject only to the objections that may be raised at the final Fairness Hearing.

5.      The Court approves, as to form and content, the Notice of Settlement attached as Exhibit A to the Settlement Agreement and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in the Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to all persons in the Collective.

6.      A Final Fairness Hearing shall be held before this Court on _____, 20___, at the United States District Court, Eastern District of New York, U.S. Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, to determine finally whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Agreement is fair, just, reasonable, and adequate, and should be approved by the Court; to determine the amount of any

Court-approved attorneys' fees and costs for Collective Counsel; and to rule on whether entry of Judgment and Final Approval, as provided in the Agreement, should be entered.

       7.     Collective Counsel are hereby authorized to supervise and administer the notice procedure as more fully set forth below:

       A.     On or before _____ [14 calendar days from this Order], Collective Counsel shall cause to be mailed by first-class mail, a copy of the Notice of Settlement, substantially in the form annexed as Exhibit A to the Settlement Agreement, to all Collective Members.

       C.     Collective Members shall have twenty (20) calendar days from the date that the Notice is mailed to opt-out of the settlement by mailing an Opt-Out Statement to Class Counsel, containing the information required by the Settlement Agreement.

       D.     Class Members shall have thirty (30) calendar days from the date that the notice is mailed to mail a Written Objection to Class Counsel containing the information required by the Agreement.  Any objection shall state the objector's name, address, and telephone number and whether the objector intends to speak at the Final Fairness Hearing.  Any member of the Class who does not make his or her objection in the manner provided in the Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement, the releases provide for in the Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the Named Plaintiff Settlement Amount, unless otherwise ordered by the Court.

       E.     Collective Counsel and Defendants' counsel shall file a Joint Motion for Judgment and Final Approval of the Settlement Agreement no later than fourteen (14) calendar days before the Fairness Hearing.

F.      The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Collective Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  Notice of any adjournment can be obtained from Class Counsel:  William C. Rand, Esq., Law Office of William Coudert Rand, 501 Fifth Ave., 15th Floor, New York, New York 10017 (phone #212-286-1425) (fax #646-688-3078).  The Court may approve the settlement, with such modifications as may be agreed to by Class Counsel and Defendants' counsel, if appropriate, without further notice to the Collective.

9.      If the Settlement Agreement does not receive final Court approval, the Parties will be returned to their respective positions *nunc pro tunc* as those positions existed immediately prior to the execution of the Settlement Agreement.  This Order will become null and void, and shall not be considered in evidence or on the issue of collective decertification, and Defendants shall retain all rights to seek collective decertification in any subsequent proceeding.

SO ORDERED:


_____
Sanket J. Bulsara, United States Magistrate Judge


Dated: _____, 2019

# <u>EXHIBIT C</u>

# Exhibit C

**Proposed Order providing Final Approval of Settlement**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSEFINA MARICHAL,                              : ECF
Individually and on Behalf of All Other         : 17 Civ. 06756 (JBW) (SJB)
Persons Similarly Situated,                     :
                                                :
                        Plaintiffs,             :
                                                :
        -against-                               :
                                                :
ATTENDING HOME CARE SERVICES, LLC,              :
DAVID INZLICHT, GWENDOLYN RODRIGUEZ,            :
DENISE RODRIGUEZ AND JOHN DOES #1-10,           :
                                                :
                        Defendants.             :
-------------------------------------------------------------------X

**[PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING
CERTIFICATION OF COLLECTIVE; (2) GRANTING FINAL APPROVAL OF
COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT
DISMISSING THE ACTION WITH PREJUDICE**

This matter came on for hearing upon the Court's Order of _____, 2019

following preliminary approval of the Settlement in this action ("Preliminary Approval Order").

Due and adequate notice having been given to the Class (as defined below), and the Court having

considered all papers filed and proceedings had herein and all oral and written comments received

regarding the proposed Settlement, and having reviewed the record in the above captioned matter,

and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

(a)     Except as otherwise specified herein, the Court adopts all defined terms set forth in

        the parties' Settlement Agreement, entered into as of _____ ___, 2019

        (the "Agreement").

(b)     The Court has jurisdiction over the subject matter of the above-captioned matter, the Named Plaintiff, Defendants ATTENDING HOME CARE SERVICES, LLC, DAVID INZLICHT, GWENDOLYN RODRIGUEZ,DENISE RODRIGUEZ (collectively, "Defendants") and all Collective Members, which consists of the persons listed as collective members on Exhibit A hereto.

(c)     The Court finds that the distribution by first-class mail of the Notice of Settlement constituted the best notice practicable and fully met the requirements of due process under the United States Constitution and the Fair Labor Standards Act. Based on evidence and other material submitted in conjunction with the Fairness Hearing, the actual notice to the Collective was adequate.  These papers informed Collective Members of the terms of the Settlement, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear at the Fairness Hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.  ___ Collective Members objected to the Settlement and the following Collective Members have validly requested exclusion: _____. _____. Thus, the above referenced opt-outs are removed from the Collective and their claims are dismissed without prejudice and the Statute of limitations is tolled as these claims for the period they were prosecuted in this Law Suit, and they are not subject to the Settlement Agreement and the releases therein.

(d)     The Court confirms that it has previously certified the Collective.  The Collective is comprised of all home health aides employed by Defendants at any time from January 1, 2015 to October 13, 2015 and whose payroll records reflected that they worked at least 40 hours in a workweek during that period and who opted into this action, as listed in the Settlement Agreement.

(e)     The Court approves the Settlement, and each of the releases and other terms set forth in the Agreement, as fair, just, reasonable, and adequate as to the Collective Members, the Named Plaintiff, and Defendants (collectively "Settling Parties") under all applicable law, including but not limited to, the Fair Labor Standards

28

Act.  The Parties and the Class Counsel are directed to perform in accordance with the terms set forth in the Agreement.

(f)     The Court hereby confirms its prior appointment of Josefina Marichal, as Collective Representative for the Collective.

(g)     The Court hereby confirms its prior appointment of William Coudert Rand, Law Office of William Coudert Rand as Collective Counsel for the Class.

(h)     The Court finds that the plan of allocation set forth in the Agreement is fair and reasonable and that distribution of the Settlement amounts to Collective Members shall be done in accordance with the terms outlined in the Agreement.

(i)     Attending Home Care Services, LLC has agreed to pay to Collective Counsel his reasonable attorneys' fees and expenses in the total amount no greater than $_____, and a Named Plaintiff Settlement Amount to the Named Plaintiff in the amount of $25,000.00 for her individual claims separate from the collective claims.  Accordingly, the Court hereby awards to Class Counsel $_____ for attorneys' fees and $_____ for costs and expenses.  The Named Plaintiff Settlement Amount of $25,000 to the Class Representative is approved.  Attending Home Care Services, LLC is directed to make all of the foregoing payments to Collective Counsel and the Named Plaintiff and the Collective Members in accordance with the terms of the Agreement.  Defendants shall not be required to make any additional payments in connection with the Settlement.

(j)     By operation of entry of this Order and Final Judgment, all Released Claims are fully, finally, and forever released, relinquished, and discharged pursuant to the terms of the Agreement as to all Collective Members, except those who have timely and validly opted-out.  Each Collective Member listed on Exhibit A is bound by this Judgment and Order, including, without limitation, the release of claims as set forth in the Settlement Agreement.

(k)     The Defendants entered into this Agreement solely for the purpose of compromising and settling disputed claims.  Defendants in no way admit any liability, and all liability is expressly denied.

29

a.     This action is hereby dismissed on the merits with prejudice except as to the Collective Members who opted out whose claims are dismissed without prejudice. The action is closed.   The Court retains exclusive jurisdiction, to the extent necessary, to resolve any disputes under the Agreement or to effectuate the terms of the Agreement.

b.     This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _____, 20____                     _____
                                                        The Honorable
                                                        United States District Judge


**Exhibit A to Order**

**[INSERT LIST OF COLLECTIVE MEMBERS WHO DID NOT OPT OUT OF THE SETTLEMENT**

4819-0627-3196.1 090454.1005